**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDRAS VALDEZ-GUERRA, | No. 09-72638 |
| Petitioner, | Agency No. A079-365-894 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges

Edras Valdez-Guerra, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from the

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and deny the petition for review.

The record does not compel the conclusion that Valdez-Guerra's political opinion, religion, or membership in a social group was one central reason for the MS-18 gang's efforts to recruit or extort him. See *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent one central reason for an asylum applicant's persecution"*); Barrios v. Holder*, 581 F.3d 849, 855-56 (9th Cir. 2009) (resistance to gang membership did not establish political opinion, and young Guatemalan men who resist gang recruitment do not constitute a particular social group). Accordingly, substantial evidence supports the agency's denial of the withholding of removal claim because Valdez-Guerra failed to establish he was or would be persecuted on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (to reverse the agency's finding "we must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original).

In addition, substantial evidence supports the agency's denial of CAT relief because Valdez-Guerra failed to establish it is more likely than not he will be

tortured by or with the acquiescence of a government official if returned to

Guatemala.  *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**

09-72638